UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. BITZER,<br><br>    Petitioner,<br><br>v.<br><br>CDCR, et al.,<br><br>    Respondents. | Case No. 18-01432 BLF (PR)<br><br>**ORDER DIRECTING PETITIONER TO SHOW HE SATISFIES CUSTODY REQUIREMENT** |

    Petitioner, a former state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting constitutional violations related to civil commitment proceedings against him under the Sexually Violent Predator Act ("SVPA"). Petitioner has paid the filing fee.

## DISCUSSION

### I. Standard of Review

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Legal Claims

Petitioner raises several claims challenging the SVPA commitment petition filed against him, the civil commitment proceedings, and the denial of his right to an early discharge from parole, among other claims. However, it appears that Petitioner is no longer incarcerated because the SVPA commitment petition against him was found to be "not true," and he was immediately released from custody on November 18, 2016. (Pet. Attach. at 3.) The address indicated on the petition also appears to be a private residence, not a state institution. (Pet. at 1.)

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The custody requirement does not require that a prisoner be physically confined. Maleng, 490 U.S. at 491. A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker*, 428 F.3d at 1219.

The petition does not indicate that Petitioner is currently "in custody" under a conviction or sentence which he is challenging through this habeas action. Rather, it appears that Petitioner was convicted on October 30, 2003, and has since served the full

2

sentence of 3 years and 8 months. (Pet. at 1.) Nevertheless, Petitioner shall be granted an opportunity to show that he satisfies the "in custody" requirement to proceed with this habeas action.

The Court also notes that it is also unclear what relief Petitioner seeks through this habeas action. The power of a federal habeas court "lies to enforce the right of personal liberty." *Fay v. Noia*, 372 U.S. 391, 430 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). As such, a habeas court only has the power to release a prisoner. It has "no other power." *Fay*, 372 U.S. at 431. "[I]t cannot revise the state court judgment; it can act only on the body of the petitioner." *Id.* If Petitioner is not under unlawful custody, then there is no other relief this Court can provide through this habeas action.[1]

## CONCLUSION

For the foregoing reasons, Petitioner shall file a statement explaining how he satisfies the "in custody" requirement to proceed with this habeas action. *See* 28 U.S.C. §§ 2241(c), 2254(a). The statement shall be filed **no later than twenty-eight (28) days** from the date this order is filed.

**Failure to respond in accordance with this order shall result in the denial of the petition for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**
Dated: Aug 6, 2018

BETH LABSON FREEMAN
United States District Judge

Order Directing P to Show Custody Req.
PRO-SE\BLF\HC.18\01432Bitzer_inst.custody

---

[1] Petitioner may wish to pursue the alleged constitutional violations in a civil rights action under 42 U.S.C. § 1983.

3