UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. BITZER,<br>　　　　　Petitioner,<br>　　v.<br>CDCR, et al.,<br>　　　　　Respondents. | Case No. 18-01432 BLF (PR)<br>**ORDER OF DISMISSAL** |

Petitioner, a former state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting constitutional violations related to civil commitment proceedings against him under the Sexually Violent Predator Act ("SVPA"). The Court granted Petitioner an opportunity to show that he satisfies the "in custody" requirement to proceed with this habeas action. (Docket No. 6.) Petitioner has filed a reply. (Docket No. 9.) For the reasons discussed below, the instant petition must be dismissed.

**DISCUSSION**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Petitioner raises several claims challenging the SVPA commitment petition filed against him, the civil commitment proceedings, and the denial of his right to an early discharge from parole, among other claims. However, the Court noted in its initial order that Petitioner appeared not be incarcerated as he was released from custody on November 18, 2016. (Docket No. 6 at 2; Pet. Attach. at 3.) The address indicated on the petition was also a private residence, not a state institution. (Pet. at 1.) Therefore, the Court directed Petitioner to show that he satisfied the custody requirement to proceed with this habeas action. (Docket No. 6.)

Petitioner filed a reply stating that as part of his 2003 state conviction, he is required to register as a sex offender pursuant to Penal Code § 290 for the remainder of his life. (Docket No. 9 at 2.) Petitioner asserts that this requirement is similar to parole conditions which render a petitioner in "constructive custody" under an unexpired sentence. (*Id.*) Like parole conditions, a failure to register will place him under the immediate threat of being returned to custody pursuant to the sentence imposed. (*Id.*)

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The custody requirement does not require that a prisoner be physically confined.

2

*Maleng*, 490 U.S. at 491. A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty. *See, e.g.*, *Dow v. Cir. Ct.*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody).

The Ninth Circuit has found that California's sex offender registration requirement does not constitute a severe, immediate restraint on physical liberty sufficient to constitute custody. *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999). The appellate court has consistently held that "merely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after the original [sex offense] conviction has expired." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *see also McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999) (Oregon sex offender registration law does not place sufficient restraints on convicts to constitute custody); *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (Washington law which requires convicted sex offenders to register with state authorities does not amount to custody where there is no significant restraint on registrant's physical liberty and there is "mere potential" for future incarceration); *Litmon v. Harris*, 768 F.3d 1237, 1241-42 (9th Cir. 2014) (having to register every 90 days with local law enforcement as a sexually violent predator does not render the person in custody). Petitioner has been released from prison after serving the full terms of his sentence. He does not allege that he is on parole or on probation. His only assertion is that the lifetime requirement to register as a sex offender renders him in custody. But as the above cases clearly establish, this requirement alone does not satisfy the "in custody" requirement. *See Lungren*, 164 F.3d at 1241-43. Accordingly, the instant petition must be dismissed for lack of jurisdiction. *See De Long*, 912 F.2d at 1146.

///

**CONCLUSION**

For the foregoing reasons, this petition is **DISMISSED** for lack of jurisdiction. No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: January 25, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.18\01482Bitzer_dism(custody).docx

4